UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EBONY D. HUCKS,

                **Plaintiff,**

v.

                                              **18-CV-6842**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 24. Ebony D. Hucks ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 16, 22. For the following reasons, Plaintiff's motion (Dkt. No. 16) is denied, and the Commissioner's motion (Dkt. No. 22) is granted.

## BACKGROUND

On March 18, 2015, Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she became disabled on September 14, 2012, by arthritis in her neck and low back, nerve damage in her left foot, and

depression. Tr. at 241, 276.[1][2]  Plaintiff's application was denied at the initial level and she requested review.  Tr. at 145-52; 156-57.  Administrative Law Judge Connor O'Brien ("the ALJ") conducted a hearing on November 8, 2017 (Tr. at 49-103), at which Plaintiff amended her alleged onset date to November 22, 2013.  Tr. at 53-55, 57.  She also withdrew her request for a hearing as it pertained to her March 2015 application for DIB.  Tr. at 53-55, 57.  Plaintiff, who had a non-attorney claimant representative, testified as did an impartial vocational expert.  Tr. at 60-102.  On January 25, 2018, the ALJ issued a decision in which she found that Plaintiff was not disabled and, therefore, not eligible for benefits.  Tr. at 27-44.  The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  Tr. at 1-7.  Plaintiff thereafter commenced this action seeking review of the Commissioner's decision.  Dkt. No. 1.

## LEGAL STANDARD

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 8 (check).

[2] Plaintiff previously applied for DIB and SSI in June 2012.  After a hearing, the ALJ rendered an unfavorable decision on November 22, 2013 (Tr. 124-40), which Plaintiff did not challenge.

2

combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *See Rosa v.*

*Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009).  "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's

4

determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position.  See  Conlin ex rel. N.T.C.B. v. Colvin, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See, e.g., Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above.  Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 18, 2015, the application date.  Tr. at 32.  At step two, she found that Plaintiff had the following severe impairments:  obesity, lumbar degenerative disc disease, cervical spondylosis status post cervical fusion, degenerative joint disease of the right knee and left ankle, depressive disorder, anxiety disorder, and post-traumatic stress disorder.  Tr. at 30.[3]  The ALJ noted that Plaintiff's GERD symptoms were under control and not severe.  Tr. at 30.

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving special consideration to Listing 1.02 (Major Dysfunction of a Joint), 1.04 (Disorders of the Back), 12.04

---

[3] This Court presumes the parties' familiarity with Plaintiff's medical history, which is detailed at length in the papers.

5

(Depressive, Bipolar and Related Disorders), 12.06 (Anxiety and Obsessive-Compulsive Disorders), and 12.15 (Trauma and Stressor-Related Disorders).  Tr. at 30-32.  Regarding the "Paragraph B" criteria, the ALJ found that Plaintiff had mild limitations in two broad areas of functioning (understanding, remembering and applying information, and interacting with others), and moderate limitations in two other areas (concentrating, persisting or maintaining pace, and adapting or managing oneself).  Tr. at 32-22.

The ALJ found, based on the entire record and the VE's testimony, that Plaintiff retained the RFC for a range of sedentary work as defined in 20 C.F.R. § 404.967(a), except she would require, among other things, a sit/stand option that allowed for changing position every 60 minutes for up to five minutes without leaving the workstation, no overhead work, and not more than occasional reaching from the shoulder.  Tr. at 33-42.  With respect to Plaintiff's mental abilities, the ALJ found that Plaintiff could only perform work involving simple tasks, with simple work-related decisions, and needed three additional short, less than five minute breaks, beyond regularly scheduled breaks.  Tr. at 33-42.

Continuing to the fourth step, the ALJ found that Plaintiff was able to perform jobs that exist in significant numbers in the national economy, including the sedentary jobs of envelope addresser (DOT 209.587-010), call out operator (DOT 237.367-014), and election clerk (DOT 205.367-030).  Tr. at 43.  Accordingly, concluded the ALJ, Plaintiff was not under a disability from November 23, 2013, through the date of her decision.  Tr. at 43-44.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 16, 22. Plaintiff argues that the ALJ crafted the physical RFC using her own lay judgment rather than the medical opinion evidence, and that she erred by not incorporating in the mental RFC the moderate stress limitations found by Dr. Yu-Ying Lin, while purporting to give the doctor's opinion "great" weight. Dkt. No. 16-1, pp. 12-15. The Commissioner contends that the ALJ reasonably assessed Plaintiff's RFC based on the medical record, including objective medical findings, MRIs, X-rays, and that she properly weighed Dr. Lin's opinion. Dkt. No. 22-1, pp. 10-19. Having reviewed the record in its entirety, this Court finds that the ALJ did not err and that the RFC was substantially supported.

**The ALJ's Assessment of Plaintiff's Physical RFC**

Plaintiff alleges that because the ALJ did not give any significant weight to any of the physical medical opinions, "it is unclear how the ALJ derived her RFC except with reference to her own lay judgment." Dkt. No. 16-1, p. 12. This Court does not agree. A review of the ALJ's opinion shows that she assigned varying degrees of weight to each of the medical opinions based on its consistency with the record as a whole. For example, the ALJ gave "some weight" to the opinion of consultative examiner Mr. Scott G. Kingsley, Plaintiff's physical therapist, that she could lift and carry 20 pounds occasionally, 10 pounds frequently, could sit for 6 hours and stand/walk for 4 hours in an 8-hour workday, could frequently twist and stoop, occasionally crouch, and climb ladders and stairs, and would only rarely be off-task, 1-5% of the work day. Tr. at 40, 902-903. Of significance

here, the ALJ actually concluded that Plaintiff's "exertional capacity is slightly more limited than [PA Kingsley] opined," and restricted her physical RFC to sedentary work with other exertional limitations.  Tr. at 40.

The ALJ gave "little weight" to the opinion of consulting physician, Dr. Harbinder Toor (Tr. at 388-92) that in 2015, Plaintiff had moderate to marked limitations in standing, walking, bending, and lifting, and moderate limitations in sitting.  In so doing, the ALJ reasoned that Dr. Toor rendered his opinion before Plaintiff had surgery, and treatment notes after Plaintiff's surgery reflected substantial improvement in her functional capacity.  Tr. at 40-41.  Moreover, the ALJ reasoned:  Dr. Toor lacked a longitudinal treatment history with Plaintiff and failed to quantify her exertional capacity using "policy defined terms," and his conclusions were inconsistent with treatment notes from Dr. Seth Jefferson, and Ms. Cynthia Larson, RPA-C, that Plaintiff had a normal gait and station without any assistive devices, had intact sensation to light touch, 5/5 strength in her upper and lower extremities, and appeared comfortable sitting in a chair.  Tr. at 41, 961-68, 492-98.

The ALJ cited to volumes of objective medical findings in support of her conclusion that Plaintiff retained the physical RFC to perform sedentary work with other exertional restrictions.  This medical evidence includes:  the treatment notes of physician Rajendra Singh (observing on December 16, 2014, that Plaintiff had tenderness but no other abnormal findings on examination; noting on January 19, 2015 that Plaintiff's straight leg raise test was negative); treatment notes of Elizabeth Jefferson, PA-C (noting that on

8

April 17, 2015, despite antalgic gait and tenderness in the lumbar spine, Plaintiff exhibited intact motor strength in her upper and lower extremities, had a normal heel to toe walk, negative straight leg raising, normal muscle tone, and 2+ reflexes); MRI results (on April 22, 2015, revealing no significant central canal neuroforaminal stenosis and only minimal endplate degenerative changes at C5-C6; on June 10, 2015, revealing no spinal stenosis; on October 14, 2016, showing intact cruciate and collateral ligaments and no meniscal tears in knee; on October 24, 2017, revealing only mild spondylosis and mild facet arthropathy at L3-L4, L4-L5, and L5-S1, with no disc protrusions or spinal stenosis); X-Rays (on July 15, 2015, showing only mild degenerative disease with moderate joint effusion, but no acute fracture or dislocation of knee; and on October 10, 2016, showing only mild arthritic changes with good joint space preservation); CT Scans (on October 24, 2017, showing no acute findings with no significant spinal canal or neuroforaminal narrowing).  The ALJ also cited to normal medical findings made by Mark Cloninger, NP, Dr. Judith Baumhauer, Dr. Rouse Lucien, Dr. Naseer Tahir, and Dr. Maya Modzelewski, among others throughout the relevant period of alleged disability.  Tr. at 35-39, 322, 327, 343-44, 349, 415, 452, 479, 480, 484-85, 538-39, 546, 699, 971.

      Based on the foregoing, this Court finds that the ALJ did not err in weighing the medical opinions relating to Plaintiff's exertional limitations, and assigning more weight to certain opinions than others.  It is, in fact, the role of the ALJ to compare specific medical opinions against the record as a whole.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  The law is clear that an ALJ's RFC finding does not need to be based on a particular medical opinion or medical source statement.  *See Matta v. Astrue*, 508 F. App'x

9

53, 56 (2d Cir. 1013) (reasoning that "[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in h[er] decision, [s]he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"). Moreover, "the ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotations and citations omitted).

Nor is there a basis to remand for further evidence. Because the ALJ did not reject all of the medical opinions in the record, it cannot be said that there was an "obvious gap" in the record, which the ALJ was duty-bound to develop. *See Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (holding that "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim"); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order)). Accordingly, the ALJ did not commit reversible error with respect to the record.

**The ALJ's Assessment of Dr. Lin's Opinion**

Dr. Lin examined Plaintiff on July 24, 2015, and found that she was moderately limited in appropriately dealing with stress but otherwise had only mild to no mental limitations.  Tr. at 384-87.  The ALJ afforded Dr. Lin's assessment "great weight." Tr. at 40.  The ALJ also gave "great weight" to the opinion of therapist Lynley Walter, MFT (Tr. at 896) that Plaintiff would need a low stress environment with simple tasks and easy to follow instructions, and that of Licensed Medical Social Worker, Lori Teller-McDonald (Tr. at 487) that Plaintiff had no limitation in her ability to understand and remember simple instructions, to maintain attention and concentration, to regularly attend to a routine schedule, and to perform low stress and simple tasks.  Tr. at 40.  Plaintiff argues that this case should be remanded because the ALJ, while purporting to give Dr. Lin's opinion "great weight," "did not explain how she incorporated Dr. Lin's opinion of moderate stress limitations into the RFC."  Dkt. No. 16-1, p. 15.

This Court does not agree, but rather, finds that the ALJ accounted for Dr. Lin's opinion by limiting Plaintiff to performing simple tasks, with only simple work related decisions, and jobs that require her to focus for 2-hour periods with three short, less-than-5-minutre breaks beyond regularly scheduled breaks.  Tr. at 33.  After reviewing the entire record, the ALJ found that the limitations indicated by Dr. Lin (moderate limitations in appropriately dealing with stress) were consistent with the evidence of record. *See Mongeur*, 722 F.2d at 1039 (holding that the report of a consultative physician can constitute substantial evidence to support an ALJ's finding that the claimant is not disabled); *Petrie v. Astrue*, 412 F. App'x 401, 405-06 (2d Cir. 2011) (holding that the ALJ

rightly concluded that the two consultative psychologists' opinions, finding that plaintiff was able to perform unskilled work, were well supported and consistent with the record; and moreover, the opinions constituted substantial evidence in support of the ALJ's RFC).

Plaintiff's argument fails for another reason.  That is, the jobs that the ALJ found that Plaintiff could perform, envelope addresser, call out operator, and election clerk, do not require any tasks that are inherently stressful, and do not require significant interaction with others.  *See, e.g.,* DOT No. 209.587-010, 1991 WL 671797.  Any error on this point is, therefore, harmless and does not warrant reversal.  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

Based on the foregoing, this Court finds that the ALJ did not err in assessing the medical opinions before him, including that of Dr. Lin, and in formulating the RFC.

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence.  However, the substantial evidence standard is so deferential that there could be "two contrary rulings on the same record" and both "may be affirmed as supported by substantial evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012).  That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder ***would have to conclude otherwise***."  *Brault*, 683 F.3d at 448 (emphasis added).  This case does not present such a situation.  For all of the foregoing

reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is hereby DENIED, and the Commissioner's motion for Judgment on the pleadings (Dkt. No. 22) is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED: Buffalo, New York
September 21, 2020

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**